UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CAROLINE STARR SULLIVAN,

    Plaintiff,

v.                                  Case No: 8:23-cv-2288-CEH-AAS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

**ORDER**

This matter comes before the Court on the Report and Recommendation of Magistrate Judge Amanda Arnold Sansone (Doc. 18). Magistrate Judge Sansone has recommended that the Court affirm the decision of the Commissioner of Social Security denying Plaintiff's claim for disability insurance benefits. Plaintiff raises arguments as to the findings of the Administrative Law Judge ("ALJ").

Having reviewed the Report and Recommendation, the parties' filings, and the underlying record, the Court will **ADOPT** the Report and Recommendation of the Magistrate Judge and **AFFIRM** the decision of the Commissioner of Social Security denying Plaintiff's claim for disability insurance benefits.

**I.    BACKGROUND**

Plaintiff Caroline Starr Sullivan applied for disability insurance benefits on July 19, 2021. App. 188. She alleged disabling medical conditions of type 2 diabetes, spinal stenosis, bulging disc, and arthritis. App. 206. Her amended disability onset date was

October 24, 2021, when she was 60 years old. App. 204. Plaintiff has past relevant work experience as a school secretary. App. 76.

Plaintiff's disability application was denied on October 6, 2022, and again, upon reconsideration, on January 19, 2023. App. 69, 77. The disability examiners determined that, despite a primary impairment of lumbar spinal stenosis, her residual functional capacity ("RFC") enabled her to perform her past relevant work. App. 73, 76.

On Plaintiff's request, Administrative Law Judge Ronald Sweeda held a hearing on May 23, 2023. App. 32. The ALJ heard testimony from Plaintiff and a vocational expert. *Id.* Plaintiff testified that she had difficulty walking, sitting, and standing, and that she experienced pain from her lower back down to both feet, as well as in her neck and shoulders. App. 37. She could not turn her head or bend down, and rarely drove. App. 36, 43. She was able to sit still for approximately 20 minutes and stand or walk for no more than five minutes. App. 38. In addition, Plaintiff experienced numbness in her hands that caused her to drop things. *Id.* With respect to other activities of daily living ("ADLs"), she was able to shower, dress, feed herself, and brush her teeth, but was unable to vacuum, mop the floor, or do laundry. App. 38, 40. To treat her symptoms, Plaintiff testified that she took pain medication as needed, approximately two or three times a week. App. 37. She has also participated in physical therapy and received injections. App 39. Plaintiff was not receiving treatment from an orthopedist or physical therapist at the time of the hearing, but she testified that she continued to do physical therapy exercises daily. App. 54, 39.

The vocational expert testified that Plaintiff's past relevant work as a school secretary would be considered sedentary as performed, and that it would accommodate the RFC of a person of claimant's age, education, and work experience who is limited to performing sedentary work with no climbing ladders or scaffolds and occasional climbing ramps, stairs, stooping, kneeling, crouching, and crawling. App. 46-47. However, if that hypothetical worker required unscheduled breaks of unpredictable duration and frequency throughout the day, no jobs exist that are consistent with such a limitation. App. 47. If the individual was off-task for 20 percent of her shift due to her back condition, she could perform neither Plaintiff's past relevant work nor other jobs in the national economy. *Id.*

The ALJ found that Plaintiff was not disabled. App. 15, 26. Although her back condition qualified as a severe impairment, the ALJ concluded that Plaintiff had the RFC to perform sedentary work that included her past relevant work as a school secretary. App. 20, 22, 25. He further found that the medical evidence was not fully consistent with Plaintiff's account of the severity of her symptoms and limitations. App. 23. The medical records reflected only conservative treatment, and it appeared her pain was generally managed with physical therapy and medications, including over-the-counter medication. App. 23, 24. Examinations and imaging did not show acute abnormalities or significant strength deficits or gait abnormalities, and she did not use an assistive device to walk. App. 24. The ALJ highlighted medical records demonstrating positive results from physical therapy in October 2021 and March 2022,

and physical examinations from September 2022 and March 2023 that revealed few limitations. App. 23-24.

Plaintiff sought review of the ALJ's decision from the Appeals Council, which declined review. App. 1, 182-83. She then filed this action seeking review of the final agency decision. Plaintiff argues that the ALJ failed to properly consider her subjective complaints and develop the medical record, rendering the RFC unsupported by substantial evidence. Doc. 12 at 6-11. She contends that he cherry-picked the evidence, ignoring indications that any progress she made in physical therapy was temporary. *Id.* at 8-10. In addition, the ALJ improperly used her purported ability to perform ADLs against her, and his findings on that subject were unsupported in any event. *Id.* at 9-10. If he had properly considered her testimony, he would have found that she would require so many unscheduled breaks that she would be unable to work, according to the vocational expert. *Id.* at 11.

In response, the Commissioner of Social Security argues that substantial evidence supports the ALJ's decision. Doc. 16 at 6-10. The ALJ properly relied on the findings of the state agency consultants—which he found only partially persuasive, as he determined Plaintiff's RFC was more limited than they believed—along with Plaintiff's physical examinations as recently as March 2023 and her conservative treatment, all of which the Commissioner argued was more than enough to support his conclusion. *Id.* at 7-8. The Commissioner challenges Plaintiff's characterization that the ALJ relied on cherry-picked evidence; on the contrary, it asserts that he accurately represented the body of medical evidence. *Id.* at 8-9. Finally, the

Commissioner argues that the ALJ's findings with respect to Plaintiff's ability to perform ADLs were accurate reflections of the record. *Id.* at 9-10.

Plaintiff contends in a brief reply that the evidence, including Plaintiff's testimony, showed she was still incapable of work despite seeing some improvement with physical therapy. Doc. 17 at 1-2.  In addition, she continues to challenge any reliance on her purported ability to perform ADLs as improper, and argues that the Commissioner mischaracterizes her abilities. *Id.* at 2-3.

Magistrate Judge Sansone issued a Report and Recommendation ("R&R") recommending that the ALJ's decision be affirmed. Doc. 18.  The magistrate court found that the ALJ considered all the medical evidence, as required, when he found that Plaintiff's testimony about her symptoms was not entirely consistent with the medical records. *Id.*  Accordingly, the magistrate court found that substantial evidence supported the ALJ's finding that Plaintiff was not disabled. *Id.*

Plaintiff filed an Objection to the R&R, arguing that the magistrate court committed the same error as the ALJ in mischaracterizing Plaintiff's subjective reporting and cherry-picking periods of reported improvement while omitting evidence that the improvement was not permanent. Doc. 19.  The Commissioner has not responded to Plaintiff's Objection.

## II.     LEGAL STANDARD

Under the Federal Magistrates Act, Congress vests Article III judges with the power to "designate a magistrate judge to hear and determine any pretrial matter pending before the court," subject to various exceptions. 28 U.S.C. § 636(b)(1)(A).

5

The Act further vests magistrate judges with authority to submit proposed findings of fact and recommendations for disposition by an Article III judge. 28 U.S.C. § 636(b)(1)(B). After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982). If specific objections to findings of facts are timely filed, the district court will conduct a *de novo* review of those facts. 28 U.S.C. § 636(b); *LoConte v. Dugger,* 847 F.2d 745, 750 (11th Cir. 1988). If no specific objections to findings of fact are filed, the district court is not required to conduct a *de novo* review of those findings. *See Garvey v. Vaughn,* 993 F.2d 776, 779 n.9 (11th Cir.1993); *see also* 28 U.S.C. § 636(b)(1). In that event, the district court is bound to defer to the factual determinations of the magistrate judge unless those findings are clearly erroneous. *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994). Legal conclusions must be reviewed *de novo. Id*. Further, objections to a magistrate judge's report and recommendation must be "specific" and "clear enough to permit the district court to effectively review the magistrate judge's ruling." *Knezevich v. Ptomey*, 761 F. App'x 904, 906 (11th Cir. 2019).

### III.   DISCUSSION

Courts review a decision by the Commissioner of Social Security "to determine if it is supported by substantial evidence and based on proper legal standards." *Crawford v. Comm. Social Security*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quotation omitted).

"Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderates against the Commissioner's findings, [the Court] must affirm if the decision reached is supported by substantial evidence." *Id.* at 1158-59 (citations and quotations omitted).

Here, upon a full and *de novo* review of the record and the magistrate court's legal conclusions, the Court finds that substantial evidence supported the ALJ's decision that Plaintiff was not disabled at the time of the hearing. Contrary to Plaintiff's argument, neither the ALJ nor the magistrate court failed to properly consider Plaintiff's subjective reporting about her symptoms and limitations. *Cf.* Doc. 19 at 3. Accordingly, the Court adopts the R&R and affirms the ALJ's decision.

In her Objection, Plaintiff argues that both the magistrate court and the ALJ "ignore[d]" her testimony that her progress from physical therapy was only temporary, thereby creating "an inaccurate account of Plaintiff's reporting." Doc. 19 at 2; *see also id.* at 3 (describing the magistrate court's "repeated endorsement of the mischaracterization performed through selective review of evidence"). The problem with Plaintiff's argument is that neither the magistrate court nor the ALJ considered *only* the physical therapy results. They did accurately recount the "significant relief" Plaintiff experienced from physical therapy in October 2021, leading her to be referred for additional physical therapy in January 2022 when the pain reoccurred; she again reported positive results in March 2022. Doc. 18 at 9; App. 23-24. After describing her physical therapy progress, however, the magistrate court and the ALJ went on to

discuss the other evidence in the record that supported a finding that Plaintiff was not disabled. *Id.* The ALJ described, and gave significant weight to, the results of physical examinations from September 2022 and May 2023, as well as the fact that Plaintiff's providers had never recommended surgical intervention. App. 24-25. It was the body of medical evidence, not just Plaintiff's physical therapy results, which led the ALJ to find that her testimony "concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]" App. 25. Thus, neither the ALJ nor the magistrate court "mischaracterized Plaintiff's subjective reporting." *Cf.* Doc. 19 at 2.

As the magistrate court found, Plaintiff's arguments in her brief are equally unavailing. Although she criticizes the ALJ for "cherry-picking evidence," Doc. 12 at 8, the hearing decision explicitly took into account the objective evidence that Plaintiff argues supported her testimony about her limitations. Specifically, Plaintiff highlights Dr. Roland's findings from a September 2022 consultative examination. *Id.* at 8-9, citing App. 502-05. But the ALJ recounted Dr. Roland's findings, including Plaintiff's reduced range of motion in her spine and left hip, in his decision—and concluded that Plaintiff was *more* limited than Dr. Roland had found. App. 24-25.

Plaintiff also challenges what she characterizes as the ALJ's "finding" with respect to her ability to perform ADLs, referring to his statement that her "physical therapy discharge summary from October 4, 2021, indicates minimal, if any, restrictions of activities of daily living[.]" Doc. 12 at 10, citing App. 23. The Commissioner correctly points out, however, that this statement was part of a

8

summary of the treatment records, and was not a finding about her current ability to perform ADLs. *See* Doc. 16 at 8-9. Plaintiff's argument that the ALJ "simply concluded that because Plaintiff saw temporary progress with physical therapy, her restrictions must have been minimal," Doc. 12 at 10, is not an accurate description of the hearing decision. Her further contention that the ALJ improperly "reli[ed] on these activities to discredit Plaintiff's testimony regarding her pain," *id.*, is unsupported for the same reason. *Id.* Accordingly, Plaintiff has not identified any error in the ALJ's decision.

Finally, the ALJ did not impermissibly reject Plaintiff's testimony about the intensity and persistence of her pain "solely because the available objective medical evidence d[id] not substantiate [her] statements." *See* 20 C.F.R. § 404.1529(c)(2); *cf.* Doc. 12 at 7. Rather, he found that it was partially inconsistent with the objective evidence, including the types of treatments that were recommended for her and the results of recent physical examinations. *See* 20 C.F.R. §§ 404.1529(c)(3), (4). Because "more than a scintilla" of evidence supported the ALJ's clearly articulated finding, as detailed *supra*, the Court cannot disturb it. *See Crawford*, 363 F.3d at 1158-59; *Mitchell v. Comm. Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2014).

The Court finds that substantial evidence supported the ALJ's hearing decision that Plaintiff was not disabled. Therefore, the decision must be affirmed. It is **ORDERED**:

1. The Objection of Plaintiff Caroline Starr Sullivan (Doc. 19) to the Report and Recommendation of the Magistrate Judge is **OVERRULED**.

2. The Report and Recommendation of the Magistrate Judge (Doc. 18) is **ADOPTED**, **CONFIRMED**, and **APPROVED** in all respects and is made a part of this Order for all purposes, including appellate review.

3. The decision of the Commissioner of Social Security denying Plaintiff's claim for disability insurance benefits is **AFFIRMED.**

4. The Clerk is directed to enter judgment in favor of the Acting Commissioner of Social Security and against Plaintiff Caroline Starr Sullivan.

5. The Clerk is further directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida on December 11, 2024.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties